ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Anwar Alsabah Company | ) ASBCA No. 59881 |
| | ) |
| Under Contract No. CERPUSDS9000097 | ) |

APPEARANCE FOR THE APPELLANT:        Mr. Samir Homodi
                                      Owner

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
                                      Army Chief Trial Attorney
                                    MAJ M. Aaron Lee, JA
                                      Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON THE GOVERNMENTS MOTION FOR SUMMARY JUDGMENT

This matter is before the Board on the government's motion to dismiss for lack of jurisdiction, which we are treating as a motion for summary judgment.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In the 6 August 2010 memorandum of agreement referenced above (the "contract"), the Army allegedly purchased seven Toyota Land Cruiser sports utility vehicles (SUVs) delivered to COB Delta in Iraq at a total price of $791,000 (R4, tab 1). Appellant contends it furnished the SUVs to the government but has not been paid. The case comes before us in an unusual posture, however, because the contract and related documents in the Rule 4 file were provided to the government by appellant; the government has been unable to locate copies of these documents in its own records (R4, tab 6, ¶¶ 2-3; gov't mot. at 2 n.1). Government counsel also represents that the project purchasing officer who purportedly awarded the contract denies doing so (gov't mot. at 2 n.1). The documents furnished by appellant have spelling and syntax problems, as if they had been written by someone not completely fluent in English (see R4, tabs 1-4). For example, one of the documents furnished by appellant, which purports to acknowledge receipt of the seven SUVs by the government, is on the pre-printed letterhead of a unit identified as an "ARMORED CAYAIRY REGIMENT" (R4, tab 4).

With this as the starting point, it is evident that there are few undisputed facts. But after reviewing the briefing on the government's motion to dismiss, one crucial fact came into focus: the project purchasing officer, Staff Sergeant William Cornelius,

is not a contracting officer.[1] The Board issued an order on 2 November 2015 in which we notified the parties that we intended to consider the government's motion to dismiss as a motion for summary judgment and gave the parties until 4 December 2015 to file any additional evidence or argument that they wished the Board to consider. We also directed the government to file a declaration supporting its assertion that Staff Sergeant Cornelius was not a contracting officer and invited appellant to submit any evidence to the contrary. Appellant did not respond to this order.[2]

The government responded by filing a declaration by Richard J. Lee, a contracting officer at the Reachback Closeouts Branch for the Army Contracting Command-Rock Island. In his declaration, Mr. Lee testified that he had searched the government's records going back to September 2006 (almost four years prior to the date of the alleged contract (*see* R4, tab 1)) and could find no evidence that Staff Sergeant Cornelius had ever been a contracting officer (Lee decl. ¶¶ 1-3). In light of this testimony, along with the fact that there is no document in the record in which Staff Sergeant Cornelius represented himself to be a contracting officer, and appellant's failure to provide any evidence to the contrary, we find it undisputed that Staff Sergeant Cornelius was not a contracting officer.

The record contains no documents between September 2010 when appellant allegedly furnished the vehicles to the government (R4, tab 4) and December 2014 when appellant began contacting the government seeking payment (R4, tab 10). On 6 March 2015, appellant submitted a claim for payment of $791,000 that contained the certification language prescribed in FAR 33.207(c) (R4, tabs 12-13). A contracting officer issued a final decision on 10 March 2015 in which he concluded that "there was no contract awarded for this agreement" and thus denied appellant's claim (R4, tab 5).

## DECISION

The Board considers motions for summary judgment under Board Rule 7(c). Pursuant to this rule, the Board may accept a fact properly proposed and supported by one party as undisputed unless the opposing party properly responds and establishes that it is in dispute. Rule 7(c)(2). As described above, the government has demonstrated for purposes of Rule 7(c) that Staff Sergeant Cornelius was not a contracting officer.

---

[1] Project purchasing officers have some contract training and limited authority to award contracts in Iraq and Afghanistan in the Commanders' Emergency Response Program (CERP). CERP was developed to enable commanders to respond to urgent humanitarian relief and reconstruction needs by executing programs that will immediately assist the indigenous population. (R4, tab 9 at 27-28)

[2] The Board also sent emails to appellant (an email address being the only contact method it provided us) on 19, 23, 26, and 28 October 2015 attempting to schedule a status conference to discuss future proceedings but appellant did not respond to any of those emails.

2

*Appellant Cannot Demonstrate that a Valid Contract was Formed*

An appellant alleging a contract with the United States must show a mutual intent to contract, including an offer, acceptance, and consideration, and that the government official who entered or ratified the contract had actual authority to bind the government. *Trauma Service Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). With exceptions not applicable here, contracting officers are the only government representatives authorized to sign contracts on behalf of the United States. FAR 2.101, 4.101. Anyone entering into a contract with the government takes the risk of accurately ascertaining the authority of the agent for the government; this risk remains with the contractor even when the government agents themselves may have been unaware of the limitations on their authority. *Trauma Service*, 104 F.3d at 1325.

As we have found, the official who purportedly signed the contract on behalf of the United States, Staff Sergeant Cornelius, was never a contracting officer. He had no authority to award a contract under the CDA, nor under the CERP program, which requires that contracting officers award contracts over $500,000 (R4, tab 8 at 27-12; tab 9 at 28; Lee decl. encl. at 21). Under *Trauma Service*, it was up to appellant to ascertain that Staff Sergeant Cornelius had the authority to execute the contract, but it failed to do so. Accordingly, appellant cannot demonstrate that it entered into a Contract Disputes Act contract with the government and it thus fails to state a claim upon which we may grant relief. *Trauma Service*, 104 F.3d at 1327. The government is entitled to judgment as a matter of law.[3]

## CONCLUSION

The motion is granted and the appeal is denied.

Dated: 18 February 2016

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[3] Due to our conclusion with respect to Staff Sergeant Cornelius' lack of authority under the CDA or the CERP program, we do not reach the government's other arguments.

3

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59881, Appeal of Anwar Alsabah Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4